DYNAMIS LLP

Eric S. Rosen
(617) 802-9157
erosen@dynamisllp.com

Hon. John P. Cronan
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *United States v. Tianyu Fu a/k/a Tian Yu Fu*, No. 1:25-CR-00539-JPC (S.D.N.Y.)**

Dear Judge Cronan:

We represent Defendant Tianyu Fu in the above-referenced action and submit this brief letter to the Court addressing certain further objections to the Government's sentencing submission (Dkt. No. 11) (the "Gov. Submission" or "Gov. Sub.") and Probation's Presentence Investigation Report (the "PSR"). Tianyu files this letter publicly with redactions for the reasons stated in his February 6, 2026 letter to this Court (Dkt. No. 9).

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## II. Probation's Sentencing Recommendation Appears to be Based on the Misunderstanding that Tianyu was Either a Part of or Aware of the "Tech Support Scheme."

The parties, in joint objections to the PSR, made clear that the Bank Fraud Conspiracy—the conspiracy to which Tianyu Fu plead guilty for his involvement at the direction of Wang—and the Tech Support Scheme—were two entirely separate schemes. *See* PSR ¶¶ 7-9. Tianyu did not participate in the Tech Support Scheme or even know about the Tech Support Scheme. *See* PSR ¶¶ 10, 29, 32, 93; pg. 15 n.1.

Despite this, Probation's Sentencing Recommendation and "Justification" includes that Probation "considered the substantial amount of money that Fu and his co-conspirators *attempted to steal from their victims* and the need for general and specific deterrence based on that significant amount." PSR at 21. The PSR further that "Fu engaged in a bank fraud conspiracy, during which time he made a calculated effort to support a separate conspiracy aimed at deceiving victims out of their money." *Id.* at 21-22.

While Tianyu feels terrible for the victims of the Tech Support Scheme, he did not attempt to steal money from them or make a calculated decision to support the Tech Support Scheme. Indeed, once Tianyu came to the conclusion after watching a documentary that

indicated that the money he was transmitting back to Asia most likely came from victims (and not investors), he made plans to and did withdraw from the Bank Fraud Scheme. The victims of Tianyu are the banks, and the Government has not sought restitution on behalf of those victims.

Accordingly, defense counsel asks that this significant factual point be taken into account at sentencing.

## III. The 18 U.S.C. § 3553(a) Factors Weigh in Favor of This Court Taking into Consideration the Fact that Tianyu has a Final Order of Removal Entered Against him.

[redacted] DHS entered a final order of removal against Tianyu. This order means that Tianyu will most likely serve a far longer time in prison that other similarly situated defendants.

Because of his Final Order of Removal, Tianyu is not eligible for credits under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(E)(i); *see e.g., Portocarrero-Valencia v. Warden, FCI Otisville,* 2025 WL 670911, *2 (S.D.N.Y. Feb. 28, 2025); *Rosas v. FCI Lompoc*, 2025 WL 2044542, *2 (C.D. Cal. Jun. 17, 2025).

If Tianyu *were* eligible for credit under the First Step Act, on a sentence of 36 months Tianyu would receive credit for his time already served (13.5 months), he would receive good conduct time (approximately 5.5 months), and additional First Step Act Credits for team meetings every six months (approximately 5 months).[1] In addition, Tianyu would also be eligible for a conditional community placement for up to one year. This means, practically, that *but for* his immigration status, Tianyu could be eligible for community placement immediately once sentenced. Likewise, Tianyu's sentencing will likely be followed by additional time in immigration custody before he is deported. This means that Tianyu's time in federal custody is almost guaranteed to be *more than* 36 months if a sentence of 36 months is imposed.

Dated: February 17, 2026

Respectfully submitted,

/s/ *Eric S. Rosen*
Eric S. Rosen
Kimberly A. Jones

**DYNAMIS LLP**

[1] These time periods are approximate. If Tianyu was eligible for First Step Act credits, he also would be eligible to receive additional credit for the programs he has participated in at MDC.

175 Federal Street, Suite 1200
Boston, MA 02110
(617) 693-9732
erosen@dynamisllp.com

*Attorneys for Tianyu Fu*

---

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, a true and correct copy of the above letter was filed with the Court's CM/ECF system, which has generated and delivered electronic notices of filing to all counsel of record.

*/s/ Kimberly A Jones*
Kimberly A. Jones